IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Rosie Gholson,<br><br>        Plaintiff,<br>v.<br><br>Caribbean Cruise Line, Inc. ; and DOES 1-10, inclusive,<br><br>        Defendants. | Civil Action No.: 1:14-cv-8405<br><br>COMPLAINT |

For this Complaint, the Plaintiff, Rosie Gholson, by undersigned counsel, states as follows:

## JURISDICTION

1.  This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et. seq. (the "TCPA").

2.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3.  The Plaintiff, Rosie Gholson ("Plaintiff"), is an adult individual residing in Calumet, Illinois, and is a "person" as defined by 47 U.S.C. § 153(39).

4.  The Defendant, Caribbean Cruise Line, Inc. ("Caribbean"), is a Florida business entity with an address of 2419 East Commercial Boulevard, Suite 100, Ft. Lauderdale, Florida 33308, and is a "person" as defined by 47 U.S.C. § 153(39).

## FACTS

5. Beginning in January, 2014, Caribbean contacted Plaintiff on Plaintiff's cellular telephone, number 708-xxx-6428, in an attempt to solicit services to Plaintiff.

6. During all times mentioned herein, Caribbean called Plaintiff on her cellular telephone using an automatic telephone dialing system ("ATDS") and by using a prerecorded or artificial message on a cellular telephone.

7. When Plaintiff answered the calls, she would hear a prerecorded voice which instructed her to wait on the line to be connected to the next available representative. After the prerecorded voice, Plaintiff would be connected to a live representative.

8. During a conversation with a live representative taking place in January, 2014, Plaintiff stated that she was not interested in any services offered by Caribbean. Plaintiff ended the conversation by requesting that the calls to her cellular phone cease.

9. Despite Plaintiff's instruction, Caribbean continued to harass Plaintiff with calls to her cellular phone, making over fifteen calls after her original request for them to cease.

10. The repeated calls caused Plaintiff significant inconvenience.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –
## 47 U.S.C. § 227, et seq.

11. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

12. At all times mentioned herein and within the last year, Defendants called Plaintiff on her cellular telephone using an ATDS or predictive dialer and by using a prerecorded or artificial voice.

13. In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials

consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"2003 TCPA Order, 18 FCC 36 Rcd 14022. The FCC explains that if a representative in not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id.* In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id.*

14. Defendants' telephone systems have some earmarks of a Predictive Dialer.

15. When Plaintiff answered the phone, she would hear a prerecorded voice instructing her to wait on the line to be connected to the next available representative. After the prerecorded voice, Plaintiff would be connected to a live representative.

16. Defendants' Predictive Dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

17. Defendants contacted Plaintiff by means of automatic telephone calls to her cellular phone knowing that it lacked consent to call her number in light of her revoking her consent. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

18. The calls from Defendants to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

19. Plaintiff is entitled to an award of $500.00 in statutory damages for each call made in negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

20. As a result of each call made in knowing and/or willful violation of the TCPA,

Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully prays that judgment be awarded in the Plaintiff's favor and against the Defendants as follows:

1. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

2. Against the named the Defendants, jointly and severally, awarding the Plaintiff punitive damages in such amount as is found appropriate; and

3. Granting the Plaintiff such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: October 27, 2014

Respectfully submitted,

By /s/ Sergei Lemberg

Sergei Lemberg, Esq.
LEMBERG LAW, L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
Attorney for Plaintiff